TEXAS, S. F. & N. R. Co. *v.* SAXTON and another.

Filed March 14, 1885.

1. PLEADING AND PRACTICE — BILL OF EXCEPTIONS — SIGNING BY JUDGE AFTER TIME REQUIRED BY LAW.
   A bill of exceptions, not settled and signed by the presiding judge below within the time required by law, is not properly before the appellate court.
2. SAME—RULE 21—RULES OF COURT—NEW MEXICO.
   Rule 21 of the rules of the supreme court of New Mexico, requiring the plaintiff in error or his agent to file the affidavit therein prescribed, was made under the authority of the practice act of 1874, which act was superseded by the practice act of 1880; and this rule, therefore, is abrogated.
3. SAME—PLEA IN ABATEMENT—VERDICT—JUDGMENT.
   Where on the trial of an issue raised by a plea in abatement the verdict is against the plea, the proper judgment is *quod recuperet,* and the defendant cannot be allowed to plead over to the merits.    A judgment, however, for the amount of unliquidated damages claimed, without an inquest to determine the damages actually sustained, is reversible error.

Error to the district court for the county of Santa Fe.

*C. II. Gildersleeve,* for plaintiff in error.

*E. L. Bartlett,* for defendants in error.

BELL, J. This was an action in *assumpsit,* brought by the defendants in error in the court below, to recover damages for an alleged breach of a railroad construction contract which they had theretofore made with the plaintiff in error. To the declaration the plaintiff in error interposed a plea in abatement, which in substance alleged that the contract sued upon was made by it, not with the two defendants in error, but with Lionel D. Saxton alone. This plea was accompanied with interrogatories, filed for the purpose of examining Saxton, in support thereof. Replication to the plea was filed, and thereafter, upon the issue so joined, the parties proceeded to trial before the court, having by stipulation waived their right to trial by jury. The court found for the defendants in error, whereupon the plaintiff in error asked for leave to plead over, and offered to file *instanter* its plea in bar to the plaintiff's several causes of action. The court denied this motion, and thereupon counsel for the defendant in error moved the court to render peremptory judgment for the amount of the damages claimed, to-wit, $25,000, which motion was then and there granted, and judgment entered against the plaintiff in error for that sum. Before granting the motion for judgment, the plaintiff here, and defendant in the court below, moved the court to impanel a jury to try the cause, which motion was also denied.

No evidence whatever was introduced to support the claim of the defendants in error to the sum set forth in their declaration as the damages sustained by them, or of any other sum, and judgment was entered against the plaintiff in error without any evidence whatever being introduced upon the merits. A motion was then made for a new trial, for a number of reasons; among others, "that the plaintiff's suit was for unliquidated damages, and no witnesses whatever were sworn, and no proofs whatever were adduced on said trial to prove the plaintiffs had sustained any damages whatever;" and also that "the judgment against the defendants was rendered without any proof whatever to sustain the plaintiff's action, no witnesses or other evidence being produced on said trial to prove any damage in favor of said plaintiff." This motion was denied. A motion was also made in arrest of judgment for substantially the same reasons. This motion was also denied. A bill of exceptions was subsequently prepared and filed and settled, but we are of opinion that they are not properly in the record before us, as they were not settled and signed by the presiding judge within the time required by law. A writ of error was sued out by the plaintiff in error, and that brings before us the entire record, excluding the aforesaid bill of exceptions.

We shall only consider two of the questions seriously urged before us. The first was raised upon a motion to dismiss the writ of error, because rule 21 of this court had not been complied with, in that neither the plaintiff in error nor his agent or attorney had filed the

necessary affidavit therein prescribed. That rule was made under the authority of the practice act of 1874, requiring the supreme court to make rules for the government of the practice in writs of errors in common-law actions. Inasmuch, however, as the practice act of 1880 provides that "the clerk of the supreme court shall issue a writ of error to bring into the supreme court any cause finally adjudged or determined in any of the district courts, upon a *præcipe* therefor, filed in his office by any of the parties to such cause, his attorney or solicitor, at any time within one year from the date of such judgment or determination, and on giving security for costs therein to the satisfaction of the clerk," we are of opinion that it was not necessary for this plaintiff to have complied with the rule of the supreme court before quoted, the statute having superseded it, and in effect abrogated it. We are therefore of the opinion that the case is properly before us upon the writ of error.

The other question to be considered is, did the court err, as alleged by the plaintiff here, in entering judgment against it in the court below for the entire amount of unliquidated damages, alleged to have been sustained by the defendants in error in their declaration, without the introduction of evidence? The plaintiff in error here claims that, upon its plea in abatement being overruled, it was entitled to plead over to the merits. This is not in accordance with the well-settled rule of law in that regard. Where a plea in abatement has been filed which raises an issue of fact, and the issue thus formed is tried by a jury, or, as in this case, by the court, trial by jury being waived, if the verdict is against the truth of the plea, the proper judgment is *quod recuperet*, and not *respondeat ouster*. The defendants in error were therefore entitled to their judgment to recover upon the verdict on the plea in abatement. We are of opinion, however, that thereupon the well-settled rules of practice required that an inquest should be taken, to enable the court or jury, as the case may be, to determine from the evidence what amount of damages the plaintiffs had sustained. Upon such inquest, the defendant in the court below would have been entitled to resist, by proper evidence, the claim of the plaintiffs to recover anything more than nominal damages, and should have had that opportunity afforded it to that end. In the case at bar no evidence was permitted to be introduced on either side, but a peremptory motion, as it is called in the record, was granted, giving to the plaintiffs a verdict for the entire amount of their unliquidated damages. We think the court erred in granting this motion, and in entering judgment thereon. The judgment of the court below is therefore reversed, and a new trial ordered, with the costs to abide the event.

WILSON, J., concurred.